**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | | |
|---|---|---|
| MARCUS LEE RICARDO WILSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:13CR170-1 |
| | ) | 1:14CV246 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION, ORDER AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This Court (per United States District Judge Catherine C. Eagles) entered judgment against Petitioner imposing, inter alia, consecutive prison terms of 14 and 60 months, following his guilty plea to possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(D) and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). (Docket Entry 13; see also Docket Entry 19 (Plea Hrg. Tr.); Docket Entry 20 (Sent'g Hrg. Tr.).) Petitioner did not give notice of appeal. (See Docket Entries dated Dec. 16, 2013, to present.) He did, however, timely file a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("Section 2255 Motion"). (Docket Entry 16.) The United States responded (Docket Entry 21) and Petitioner replied (Docket Entry 24). The Court should deny relief as to all claims in Petitioner's Section 2255 Motion, except his claim that his counsel provided

constitutionally ineffective assistance by failing to appeal (which claim should proceed to an evidentiary hearing).

Petitioner's Section 2255 Motion asserts three grounds for relief:

1) "Ineffective Assistance of Counsel," based on the allegation that counsel did not commence an appeal as directed (Docket Entry 16, ¶ 12.A.; see also id., ¶ 11(d) (stating that Petitioner only recently learned, via contact with this Court, that his counsel had not given notice of appeal);

2) "Prosecutorial Misconduct," arising from "[t]he prosecutor provid[ing] insufficient evidence during the plea negotiation to allow [Petitioner] to plead guilty to an offense of [Section] 924(c)(1)(A) when there was no direct evidence that [Petitioner] was in 'actual possession of a firearm'" (id., ¶ 12.B.);[1]

3) "Jurisdictional Error," in "that the federal court's jurisdiction over [Petitioner's] case interfered with the federalism laws govern [sic] to be prosecuted by the states of the Tenth Amendment which by being prosecuted in federal court has created adiversity [sic] of jurisdiction" (id., ¶ 12.C.).

As to Ground One, the United States has acknowledged that "[f]ailure to note an appeal upon timely request constitutes

---

[1] For ease of reading, this Memorandum Opinion uses standard capitalization conventions in quotations from Petitioner's filings, even when the quoted language does not follow such conventions.

ineffective assistance of counsel, regardless of the likelihood of success on the merits." (Docket Entry 21 at 2-3.) Petitioner's Section 2255 Motion (which he signed under penalty of perjury (Docket Entry 16 at 6)) avers that, "[a]t the sentencing hearing and right after being sentenced, [Petitioner] turned to [his] lawyer and told him to please put [Petitioner's] direct appeal in and [Petitioner's lawyer] told [Petitioner] that [Petitioner's lawyer] would do so" (id., ¶ 12.A.; see also Docket Entry 24-1, ¶ 4 (stating under penalty of perjury: "I, Marcus Lee Ricardo Wilson, instructed my defense attorney Brian Aus at my sentencing hearing on several occassions [sic] to file a direct appeal.")). Petitioner's counsel has sworn by affidavit to the contrary. (Docket Entry 21-1, ¶ 4 ("At no time did [Petitioner] tell me that he wished to enter notice of appeal.").) Accordingly, resolution of Ground One requires an evidentiary hearing because "[t]he record in this case sets up a classic factual dispute." Gordon v. Braxton, ___ F.3d ___, ___, 2015 WL 877422, at *4 (4th Cir. 2015).[2]

---

[2] Petitioner previously has qualified for court-appointed counsel (see Docket Entry 5) and has remained in custody since that time (see Docket Entry dated July 19, 2013 (documenting arrest on same date as appointment of counsel); Docket Entry 9 (memorializing detention order orally announced on July 26, 2013); Docket Entry 13 (recording total prison sentence of 74 months imposed on December 16, 2013); Docket Entries dated Dec. 16, 2013, to present (reflecting no change in Petitioner's custodial status), circumstances that warrant an inference of current indigency, see Heidelberg v. Ephraim, No. 79C1110, 1987 WL 6616, at *1 n.1 (N.D. Ill. Feb. 9, 1987) (unpublished); as a result, Petitioner possesses
(continued...)

3

Ground Two, however, fails as a matter of law for a number of reasons. First, contrary to Petitioner's suggestion, his conviction under Section 924(c)(1)(A) requires neither proof by "direct evidence" (Docket Entry 16, ¶ 12.B.), nor proof of "actual possession of a firearm" (id. (internal quotation marks omitted)). See United States v. Wilson, 484 F.3d 267, 282 (4th Cir. 2007) (rejecting sufficiency challenge to conviction for possessing firearm in furtherance of drug trafficking crime in light of circumstantial evidence and stating that "[t]he Government only had to prove that [the defendant's] possession [of the firearm] was constructive"); see also United States v. Walker, 657 F.3d 160, 172 (3d Cir. 2011) ("We have also recognized that § 924(c) may be violated through the constructive possession of a firearm. . . . Constructive possession may be proved by either direct or circumstantial evidence . . . .").

Second, "[t]he Government's failure to provide discovery before the entrance of a guilty plea does not invalidate that plea." Brooks v. United States, No. 3:08CV565RJC, 3:06CR115-1-RJC, 2012 WL 79251, at *3 (W.D.N.C. Jan. 11, 2012) (unpublished), appeal dismissed, 472 F. App'x 155 (4th Cir. 2012); see also United States

---

²(...continued)
the right to appointed counsel at any evidentiary hearing, see Rule 8(c), Rules Governing § 2255 Proceedings. The Court therefore will grant in part Petitioner's Motion for Appointment of Counsel (Docket Entry 23), in that the Court will appoint counsel to represent Petitioner as to Ground One.

4

v. Daisi, 510 F. App'x 194, 196 (3d Cir. 2013) ("[The defendant] appears to assert that he should be permitted to withdraw his plea because he was not granted any discovery before entering the guilty plea . . . . [The defendant's] knowing and voluntary plea constituted a waiver of any right he may have had to receive documents . . . ." (internal citation and quotation marks omitted)). Third, prior to pleading guilty, Petitioner (through counsel) obtained "discovery [which] tended to show that [he] was dealing marijuana out of [a residence] while he was supposed to be babysitting . . . [, that] [m]arijuana was found in several places in the residence . . . [and that] [t]he shotgun was recovered [in the residence] along with marked currency from a previous controlled undercover buy." (Docket Entry 21-1, ¶ 3.)

Fourth, the day before Petitioner pleaded guilty, the United States filed a Factual Basis providing this evidentiary summary:

1) after receiving reports of Petitioner selling marijuana from a residence, law enforcement officers (utilizing an informant) made a controlled purchase of marijuana from Petitioner at that residence (Docket Entry 10 at 1-2);

2) officers promptly obtained and executed a search warrant at the residence, locating marijuana "throughout," including in a bedroom where they also found (A) Petitioner, (B) "a hidden compartment within a TV . . . [that concealed] a bag containing $3,095.00 in United States currency [with] . . . the marked police

5

buy money from the earlier undercover purchase [among the bills]," and (C) a "shotgun" (id. at 2); and

3) "[a]t the time of his arrest [Petitioner] stated that everything in the house was his" (id.).[3]

At Petitioner's plea hearing, his counsel stated: "I shared [the Factual Basis] with [Petitioner] earlier today and we've reviewed it. I have no objections to anything that's contained in there." (Docket Entry 19 at 16; see also Docket Entry 21-1, ¶ 2 ("[Petitioner] agreed with the [F]actual [B]asis for his plea which indicated [that he had admitted] 'everything in the house was his.' This included a 12 gauge shotgun.").) When the Court (per Judge Eagles) asked Petitioner's counsel if he "agree[d] that there's an independent factual basis for [Petitioner's] guilty plea," his counsel replied: "I do, Your Honor." (Docket Entry 19 at 16.) The Court thereafter gave Petitioner a personal opportunity to raise any further issues, but he demurred. (See id. at 17.)

---

[3] That admission by Petitioner constituted direct evidence of his actual possession of the seized firearm. See United States v. Tucker, 737 F.3d 1090, 1092 (7th Cir. 2013) ("Here, we have direct evidence that [the defendant] possessed the rifle: [the officer's] testimony that [the defendant] admitted he was holding the gun for a friend."); United States v. Bloch, 718 F.3d 638, 642 (7th Cir. 2013) ("[The defendant] spared the government the problems of proof ordinarily associated with constructive possession, particularly the complexities that sometimes arise when firearms are discovered in a place occupied by the defendant but outside of his exclusive control. Here, the government established possession largely through [the defendant's] unguarded statements at the scene of the search . . . that the guns were his . . . ." (internal citation omitted)).

The record thus reflects that, when he pleaded guilty, Petitioner knew what evidence the United States would have presented at trial as to the Section 924(c)(1)(A) offense; moreover, that evidence more than sufficed to support his guilty plea (as his counsel acknowledged), particularly given that Petitioner did not (and, even now, does not) deny possessing the seized marijuana for distribution, that he admitted possessing the firearm upon arrest, and that officers found the firearm in close proximity to marijuana and marijuana sale proceeds, see United States v. Lomax, 293 F.3d 701, 704-06 (4th Cir. 2002) (discussing Section 924(c)(1)(A) and, particularly, "in furtherance of a drug trafficking crime" element). In sum, Ground Two lacks merit.

The Court similarly should reject Petitioner's claim in Ground Three that, due to the Tenth Amendment to the United States Constitution,[4] federal jurisdiction over the charged offenses did not exist. See Gonzales v. Raich, 545 U.S. 1, 5-33 (2005) (holding that Congress possesses authority under United States Constitution to criminalize marijuana production and/or distribution, even if conducted only within one state); United States v. Dumas, 934 F.2d 1387, 1390 (6th Cir. 1990) ("[The defendant] contends that [S]ection 924(c) violates the reserved powers clause of the [T]enth

---

[4] The Tenth Amendment states: "The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people." U.S. Const., amend. X.

[A]mendment by regulating firearms possession not involving interstate commerce, thereby intruding into an area reserved to the states. Section 924(c) . . . is a valid measure designed to deter the violence associated with drug trafficking, an activity validly regulated by Congress under the Commerce Clause."); United States v. Milton, Crim. Nos. 95-74, 96-20, 1996 WL 324401, at *2 (W.D. Va. May 30, 1996) (unpublished) (declining to dismiss indictment based on contention that "th[e] court lack[ed] subject matter jurisdiction because the federal statutes, 21 U.S.C. §§ 841 & 846 and 18 U.S.C. § 924(c)(1) & (i)(1), violate the Tenth Amendment"); see also United States v. Geiger, 263 F.3d 1034, 1040-41 (9th Cir. 2001) ("The Supremacy Clause allows Congress to legislate within the confines of its constitutional, affirmative grant of authority under Article II, § 9.  See U.S. Const., art. VI, cl. 2.  If Congress can regulate the criminal behavior at issue under the Commerce Clause — which it can here — then a federal court can hear the prosecution.  The state court's concurrent jurisdiction to prosecute does not bar this.").[5]

---

[5] As a final matter, in the paragraph of Petitioner's Section 2255 Motion designed to address whether and why Grounds One, Two, and Three "were not previously presented" (Docket Entry 16, ¶ 13), he set out the following: "(Involuntarily Plea) due to the advice of my lawyer.  I was coax [sic] in believing that the government had enough evidence to convict me of a [Section] 924(c)(1) count, without being in actual possession of the firearm or my knowledge of the firearm being present in the residents [sic]."  (Id.)  To the extent this language represents an independent collateral
(continued...)

**IT IS THEREFORE RECOMMENDED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Docket Entry 16) be denied, except as to Ground One, adjudication of which should be deferred pending an evidentiary hearing.

**IT IS ORDERED** that the parties shall appear for an evidentiary hearing on Ground One at 10 a.m. on June 30, 2015, in Courtroom 1A of the L. Richardson Preyer United States Courthouse, Greensboro, North Carolina. Said hearing is subject to cancellation or rescheduling if the assigned District Judge determines that it need not proceed or that the undersigned Magistrate Judge should not conduct it. The United States shall take appropriate steps to secure Petitioner's presence at the scheduled hearing.

**IT IS FURTHER ORDERED** that Petitioner's Pro Se Motion for Appointment of Counsel (Docket Entry 23) is **GRANTED IN PART** in that

---

[5](...continued)
claim, it provides no basis for relief. First, as detailed above, the record reflects that, at the time of the instant offense conduct, Petitioner admitted that the seized firearm belonged to him. Indeed, Petitioner recently conceded that he made such an admission. (See Docket Entry 24 at 5.) Further, the record confirms that Petitioner entered a voluntary and knowing guilty plea to the drug and related Section 924(c)(1)(A) offenses. (See Docket Entry 19 at 3-16.) Finally, in his most recent filing, Petitioner stated that "[h]e is not challenging the knowing voluntary nature of his plea of guilty." (Docket Entry 24 at 5.)

counsel will be appointed to represent Petitioner as to Ground One, in light of the setting of an evidentiary hearing.

                              /s/ L. Patrick Auld
                           **L. Patrick Auld**
                   **United States Magistrate Judge**
March 9, 2015